**COCCA & CUTINELLO, LLP**
**Headquarters Plaza North**
**89 Speedwell Ave., Suite 1450**
**Morristown, NJ  07960**
**(973) 532-7700; Fax (973) 532-7701**
Attorneys for Plaintiffs
Advanced Physical Therapy & Spinal Care LLC,
directly and on assignment of patient Jesse B. Harris
and Jesse B. Harris, individually

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADVANCED PHYSICAL THERAPY & SPINAL CARE LLC directly and on assignment of patient JESSE B. HARRIS and JESSE B. HARRIS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA, UNITED AIRLINES, INC., JOHN DOES 1-10 and ABC CORPS. 1-10 (fictitious names),<br><br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiffs ADVANCED PHYSICAL THERAPY & SPINAL CARE LLC, having a place of business in Saddle Brook, New Jersey, directly and on assignment of patient JESSE B. HARRIS and JESSE B. HARRIS, individually, with a residence in Lodi, New Jersey, by way of Complaint against defendants, alleges as follows:

**THE PARTIES**

1.  At all relevant times, plaintiff ADVANCED PHYSICAL THERAPY & SPINAL CARE LLC ("ADVANCED") is and was a provider of healthcare services with an office in Saddle Brook, New Jersey.

2. At all relevant times, patient JESSE B. HARRIS is and was a resident of Lodi, New Jersey.

3. Upon information and belief, UNITED AIRLINES, INC. ("UNITED") is a corporation with its corporate headquarters located in Chicago, Illinois and at all relevant times is and was the employer of JESSE B. HARRIS and the issuer and/or plan administrator of the United Airlines Consolidated Welfare Benefits Plan.

4. Upon information and belief, AETNA is a corporation with its corporate headquarters located at Hartford, Connecticut and is primarily engaged in the business of providing and/or administering health care plans, policies and/or claims and at all relevant times was the plan and/or claims administrator of the United Airlines Consolidated Welfare Benefits Plan.

5. At all relevant times, patient JESSE B. HARRIS is and was a member, beneficiary, participant and/or insured of the United Airlines Consolidated Welfare Benefits Plan issued, insured and/or administered by defendants.

## JURISDICTION AND VENUE

6. Plaintiffs' claims arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. and 28 U.S.C. § 1331.

7. Venue in the District of New Jersey is proper under 28 U.S.C. § 1391(b)(1) and (2) because defendants AETNA and UNITED maintain offices in and/or conduct a substantial amount of business in the District of New Jersey, and a substantial part of the events or omissions giving rise to plaintiffs' claims against defendants occurred in the District of New Jersey.

## NATURE OF THE ACTION

8. This matter arises from defendants' refusal to reimburse plaintiffs for medically necessary and reasonable services ADVANCED provided to patient JESSE B. HARRIS, a

member, beneficiary, participant and/or insured of the United Airlines Consolidated Welfare Benefits Plan.

9. On March 18, 2015, patient JESSE B. HARRIS underwent a four-level anterior cervical discectomy and fusion at C3-C4, C4-C5, C5-C6, and C6-C7, with placement of a Syntheses anterior cervical instrumentation plate with screws and machined allograft interbody bone spacers. One of the surgeons was Joshua Rovner, M.D. Prior to the surgery, patient JESSE B. HARRIS had intractable and severe pain of his neck, shoulder and arm, and conservative treatment including more than twelve weeks of physical therapy and injections was ineffective.

10. Before the March 18, 2015 surgery, provider ADVANCED contacted defendant AETNA and was advised that patient JESSE B. HARRIS "has unlimited physical therapy visits based on medical necessity and no precertification is required."

11. After the March 18, 2015 surgery, Dr. Rovner prescribed physical therapy and patient JESSE B. HARRIS commenced and continued physical therapy provided by ADVANCED, on dates from May 5, 2015 to January 4, 2016, in accordance with Dr. Rovner's prescriptions and instructions.

12. By way of explanation of benefits dated June 9, 2015, defendants declined to reimburse patient JESSE B. HARRIS and provider ADVANCED for physical therapy provided to patient JESSE B. HARRIS on or after June 3, 2015. Defendants' position was that further physical therapy was not medically necessary after that date.

13. Patient JESSE B. HARRIS timely submitted a first level appeal to defendant AETNA. Although defendant AETNA initially advised patient JESSE B. HARRIS that it would provide reimbursement for physical therapy services provided through July 1, 2015, AETNA

subsequently reneged on this position and reimbursement was never provided. Defendant AETNA denied patient JESSE B. HARRIS' first level appeal.

14. Patient JESSE B. HARRIS timely submitted a second level appeal to defendant AETNA. AETNA denied the second level appeal.

15. On July 22, 2015, provider ADVANCED submitted a Level 1 appeal to AETNA. AETNA denied payment by correspondence dated November 12 and 23, 2015.

16. On December 8, 2015, provider ADVANCED, submitted a Level 2 appeal to AETNA. AETNA denied that appeal on March 1, 2016.

17. On June 21, 2016, provider ADVANCED, through counsel, submitted an appeal to AETNA with respect to the physical therapy services rendered on dates from June 3, 2015 to January 4, 2016. On December 5, 2017, AETNA denied the appeal as untimely, without considering any of the extensive supporting documentation provided. Counsel appealed from and objected to that decision by way of correspondence dated January 5 and March 1, 2018, emphasizing that both patient JESSE B. HARRIS and provider ADVANCED timely submitted previous appeals.

18. On June 28, 2016, provider ADVANCED through counsel, submitted a Level 3 or external or provider appeal to the New Jersey Department of Banking and Insurance ("DOBI"). By correspondence dated October 14, 2017, DOBI indicated that the United Airlines Consolidated Welfare Benefits Plan was self-insured and not subject to DOBI's authority.

19. On June 16, 2017, AETNA reimbursed provider ADVANCED for physical therapy services provided to patient JESSE B HARRIS on July 29, July 31, August 4, and August 6, 2016.

20. On July 16, 2018, AETNA reimbursed provider ADVANCED for physical therapy services provided to patient JESSE B HARRIS on August 14 and 17, 2015, but declined to

reimburse provider ADVANCED for physical therapy services provided to patient JESSE B HARRIS on June 20, 2018.

21. Patient JESSE B. HARRIS and provider ADVANCED also both submitted additional appeals to UNITED and to AETNA, respectively.

22. In the course of the appeals to defendants, patient JESSE B. HARRIS and provider ADVANCED presented evidence that the physical therapy treatment provided was reasonable, medically necessary, clinically supported and curative, rather than palliative in nature, as the patient's progress and improvement in condition was documented.

23. On dates from June 3, 2015 to January 4, 2016, ADVANCED provided medically necessary and reasonable physical therapy services to patient JESSE B. HARRIS. The total amount billed for these physical therapy services was $20,400.00, of which the United Airlines Consolidated Welfare Benefits Plan was responsible for $18,972.00.

24. It is anticipated that patient JESSE B. HARRIS will in the future require additional medically necessary and reasonable physical therapy services for which the United Airlines Consolidated Welfare Benefits Plan also will properly be responsible.

25. Defendants failed to fully and properly reimburse plaintiffs for the medically necessary and reasonable services ADVANCED provided to patient JESSE B. HARRIS.

26. Plaintiffs assert claims under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

27. Plaintiffs ADVANCED and JESSE B. HARRIS bring this action pursuant to a healthcare plan directly insured and/or administered by the Defendants. The plan at issue permits subscribers to obtain healthcare services from providers and facilities such as those run by ADVANCED.

28. Plaintiff ADVANCED is a provider of medical services under ERISA.

29. Upon information and belief, defendants UNITED and/or AETNA are the plan administrators for the United Airlines Consolidated Welfare Benefits Plan.

30. Upon information and belief, defendants UNITED and AETNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

31. Upon information and belief, defendants are required under the terms of the United Airlines Consolidated Welfare Benefits Plan to pay benefits promptly for reasonable and necessary medical services.

32. Upon information and belief, defendants have breached the ERISA-governed plan language by failing, intentionally, willfully and wantonly, recklessly or negligently, based on flawed or inadequate data or other information, or none at all, to reimburse plaintiffs for reasonable and necessary medical services ADVANCED provided to patient JESSE B. HARRIS.

33. As such, defendants' actions are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, arbitrary and capricious, and in violation of ERISA. In addition and upon information and belief, defendants have failed to review and pay plaintiffs' claims promptly.

34. Generally, a participant's healthcare plan is governed by the applicable provisions of ERISA. The participant's healthcare plan is interpreted by the plan administrator, which is the employer, not by a third party administrator such as AETNA. The employee member pays a cost of the insurance and provides the employee member with certain benefits, including the right to go to a doctor or medical facility to treat an illness or condition and to obtain reimbursement.

35. AETNA insures and/or functions as a claims administrator for many group health plans. When AETNA provides these services, it functions as a "third-party plan administrator"

and/or "third-party service provider" as that term is defined under ERISA, and thus assumes all obligations imposed by ERISA on such plan administrators.

36. Under ERISA § 3(16), 29 U.S.C. § 1002(16), the term "administrator" is defined as follows:

> (i) The person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) If an administrator is no so designated, the plan sponsor; or
>
> (iii) In the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may be regulation prescribe.

37. AETNA also functions as a fiduciary for self-funded health plans and, as such, is obligated to comply with ERISA's fiduciary duties.

38. AETNA exercises discretionary authority and control in its interactions with self-funded healthcare plans and employer-sponsored group health plans and their subscribers. Thus, AETNA is both a fiduciary and administrator as defined by ERISA.

39. Defendants' fiduciary functions include, among others, preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with medical providers and their patients, beneficiaries, and participants under the plan, and coverage, handling, management, review, decision making and disposition of appeals and grievances under a plan.

40. In this matter, AETNA's fiduciary functions, as they pertain to the health insurance plan at issue, include but are not limited to the following:

> a. Providing health coverage and benefits to patient JESSE B. HARRIS;

   b. Computing and estimating for payment the amount of benefit payable to patient JESSE B. HARRIS for provider ADVANCED's services in accordance with the terms of the health insurance plan;

   c. By explanation of benefits statements, acknowledging that it determine which of ADVANCED's medical services were permissible and compensable under patient JESSE B. HARRIS' health insurance plan; and

   d. Informing ADVANCED and/or patient JESSE B. HARRIS that the determinations it made with respect to ADVANCED medical services provided to JESSE B. HARRIS were made ad determined in accordance with the terms of the health insurance plan.

 41. ERISA requires that the interpretation and implementation of the healthcare plan shall be solely in the best interests of the participants and beneficiaries for the exclusive purpose of providing benefits for participants and their beneficiaries.

 42. ERISA § 503, 29 U.S.C. § 1133, requires every employee benefit plan to provide adequate notice in writing setting forth the specific reasons for any denial of benefits, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

 43. The ERISA regulations as 29 C.F.R. § 2560.503-1(g)(1) require a plan administrator to provide written notification of any adverse benefit determination setting forth in a manner calculated to be understood by the claimant: (i) the specific reason or reasons for the adverse determination; (ii) reference to the specific plan provisions on which the determination is based, (iii) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

44. By making determinations that provided inadequate notice to patient JESSE B. HARRIS and provider ADVANCED and/or failing to make any determinations with respect to patient JESSE B. HARRIS and provider ADVANCED's claim for benefits despite repeated requests to do so; and/or making determinations that were unsupported by substantial evidence; and/or failing to afford a reasonable opportunity to patient JESSE B. HARRIS and provider ADVANCED whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim; and/or failing to state the specific reason or reasons for any adverse determinations; and/or by making determinations that were erroneous as a matter of law and fact, not made in good faith, arbitrary and/or capricious, defendants violated their fiduciary obligations under ERISA.

45. In addition, under ERISA, in various circumstances, non-fiduciaries who knowingly participate in fiduciary breaches may themselves be liable. To the extent any of the defendants are held not to be fiduciaries, they remain liable to plaintiffs as non-fiduciaries who knowingly participated in the breaches of fiduciary duty described herein.

46. In addition, because the information and documents on which plaintiffs' claims are based are, for the most part, solely in defendants' possession, certain of plaintiffs' allegations are by necessity upon information and belief. At such time as plaintiffs have had the opportunity to conduct additional discovery, plaintiffs will, the extent necessary and appropriate, amend the complaint, or if, required, seek leave to amend and add such other additional facts as are discovered that further support each of the following counts below.

47. Defendants UNITED and AETNA have wrongfully denied plaintiffs ADVANCED and JESSE B. HARRIS reimbursement under the United Airlines Consolidated Welfare Benefits

Plan for reasonable and necessary medical treatment ADVANCED provided to patent JESSE B. HARRIS.

48. Defendants UNITED and AETNA have nonetheless, from time to time, reimbursed plaintiffs for small portions of the costs at issue, without explanation and in bad faith, and at other times have promised to pay certain costs, only later to renege on such promises.

49. On January 12, 2015, patient JESSE B. HARRIS executed an Assignment of Benefits/ERISA Authorized Representative Form ("AOB") assigning all applicable health insurance benefits to which he and his dependents are entitled to provider ADVANCED, thereby making ADVANCED a beneficiary of the ERISA plan.

50. The AOB provides that ADVANCED shall have "the right and ability to act as my Authorized Representative in connection with any claim, right, or cause in action that I may have under such insurance policy and/or benefit plan" and "the right and ability to act as my Authorized Representative to pursue such claim, right, or cause of action in connection with said insurance policy and/or benefit plan (including but not limited to, the right and ability to act as my Authorized Representative with respect to a benefit plan governed by the provisions of ERISA as provided in 29 C.F.R. § 2560.503-1(b)(4) with respect to any healthcare expense incurred as a result of the services I received from Provider and, to the extent permissible under the law, to claim on my behalf, such benefits, claims, or reimbursement, and any other applicable remedy, including fines."

51. Pursuant to the AOB, ADVANCED as the beneficiary of an ERISA plan, has standing to bring suit against defendants under ERISA § 502(a), 29 U.S.C. § 1132(a)(1)(B).

## COUNT I
**Violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

53. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), establishes a cause of action allowing an ERISA plan beneficiary or participant to recover benefits due under the terms of the plan, enforce rights under the terms of the plan or to clarify rights to future benefits under the terms of the plan.

54. At all relevant times, patient JESSE B. HARRIS was an employee of UNITED and was a participant in and beneficiary of the United Airlines Consolidated Welfare Benefits Plan.

55. Plaintiff ADVANCED is a provider of medical services under ERISA.

56. Plaintiff ADVANCED has standing to seek relief pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), based on the AOB executed by patient JESSE B. HARRIS and is entitled to recover benefits due to patient JESSE B. HARRIS under the United Airlines Consolidated Welfare Benefits Plan.

57. Plaintiffs ADVANCED and JESSE B. HARRIS bring this action pursuant to a healthcare plan directly insured and/or administered by the Defendants. The plan at issue permits subscribers to obtain healthcare services from providers and facilities such as those run by ADVANCED.

58. Upon information and belief, defendants UNITED and/or AETNA are the plan administrators for the United Airlines Consolidated Welfare Benefits Plan.

59. Upon information and belief, defendants UNITED and AETNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

60. Upon information and belief, defendants are required under the terms of the United Airlines Consolidated Welfare Benefits Plan to pay benefits promptly for reasonable and necessary medical services.

61. Upon information and belief, defendants have breached the ERISA-governed plan language by failing, intentionally, willfully and wantonly, recklessly or negligently, based on flawed or inadequate data or other information, or none at all, to reimburse plaintiffs for reasonable and necessary medical services ADVANCED provided to patient JESSE B. HARRIS.

62. As such, defendants' actions are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, arbitrary and capricious, and in violation of ERISA. In addition and upon information and belief, defendants have failed to review and pay plaintiffs' claims promptly.

63. Generally, a participant's healthcare plan is governed by the applicable provisions of ERISA. The participant's healthcare plan is interpreted by the plan administrator, which is the employer, not by a third party administrator such as AETNA. The employee member pays a cost of the insurance and provides the employee member with certain benefits, including the right to go to a doctor or medical facility to treat an illness or condition and to obtain reimbursement.

64. Defendants UNITED and AETNA have wrongfully denied plaintiffs ADVANCED and JESSE B. HARRIS reimbursement under the United Airlines Consolidated Welfare Benefits Plan for reasonable and necessary medical treatment ADVANCED provided to patent JESSE B. HARRIS.

65. The United Airlines Consolidated Welfare Benefits Plan under which patient JESSE B. HARRIS is entitled to coverage is an ERISA plan and is administered by defendants UNITED and/or AETNA. In the alternative, defendants UNITED and/or AETNA are the actual and de facto administrators and fiduciaries of the plan.

66. ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs in an ERISA action.

**WHEREFORE** plaintiffs ADVANCED and JESSE B. HARRIS demand a judgment against defendant AETNA in the amount of compensatory damages of $18,972.00 due and owing to plaintiffs under the United Airlines Consolidated Welfare Benefits Plan, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and proper.

## COUNT II
### Breach of Fiduciary Duty Under ERISA

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

68. ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), establishes a cause of action allowing an ERISA plan beneficiary or participant to obtain other appropriate equitable relief and to enforce any provision of ERISA or the terms of an ERISA plan.

69. ERISA § 409(a), 29 U.S.C. § 1109(a), "Liability for Breach of Fiduciary Duty," provides that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and shall be subject to such other equitable or remedial relief as the court may deem appropriate.

70. ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B) provide that a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purposes of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

71. These fiduciary duties under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence and are the "highest known to the law."

72. ERISA § 405(a), 29 U.S.C. § 1105(a), "Liability for breach by co-fiduciary," provides that a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 404(a)(1), 29 U.S.C. § 1104(a)(1), in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

73. By denying payment of the medical bills at issue, and denial of the administrative appeals initiated by patient JESSE B. HARRIS and provider ADVANCED, defendants UNITED and AETNA functioned as fiduciaries as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because, among other things, defendants UNITED and AETNA acted with discretionary authority or control to deny payment and managing and administering the United Airlines Consolidated Welfare Benefits Plan.

74. Defendants UNITED and AETNA breached their fiduciary duties by failing to issue an adverse benefit determination in compliance with the requirements of ERISA and the applicable regulations, knowingly participating in or undertaking to conceal an act or omission of another fiduciary, failing to make reasonable efforts to remedy the breach of another fiduciary, and

wrongfully withholding money belonging to patient JESSE B. HARRIS and provider ADVANCED.

**WHEREFORE**, plaintiffs ADVANCED and JESSE B. HARRIS demand a judgment against defendants UNITED and AETNA in the amount of compensatory damages of $18,972.00 due and owing to plaintiff with respect to patient JESSE B. HARRIS' medical treatment, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and proper.

## COUNT III
### Failure to Establish and Maintain Reasonable Claims Procedures Under 29 C.F.R. § 2560.503-1

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

76. 29 C.F.R. § 2560.503-1 requires every employee benefit plan to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

77. In particular, 29 C.F.R. § 2560.503-1 provides that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within ninety days after receipt of the claim by the plan.

78. 29 C.F.R. § 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, among other things, in a manner calculated to be understood by the person claiming benefits, a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under ERISA § 502(a), 29 U.S.C. § 1132(a), following an adverse benefit determination on review.

79. 29 C.F.R. § 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

80. In the instant matter, the United Airlines Consolidated Welfare Benefits Plan and its administrators, defendants UNITED and AETNA, did not establish and maintain, in the actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to persons claiming benefits.

81. As a consequence of defendant' 'failure to provide, in a manner calculated to be understood by persons claiming benefits—including patient JESSE B. HARRIS and provider ADVANCED—written notice of all relevant time limits and appeals procedures of the United Airlines Consolidated Welfare Benefits Plan in connection with the adverse benefits determinations rendered to patient JESSE B. HARRIS and provider ADVANCED, the United Airlines Consolidated Welfare Benefits Plan and its administrators, defendants UNITED and AETNA, have failed to comply with the claims procedures requirements of 29 C.F.R. § 2560.503-1.

82. 29 C.F.R. § 2560.503-1 further provides that in the event that an employee benefit plan fails to establish or follow claims procedures that comply with the regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under ERISA § 502(a), 29 U.S.C. § 1132(a), on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

**WHEREFORE**, plaintiffs ADVANCED and JESSE B. HARRIS demand a judgment against defendants UNITED and AETNA determining that defendants did not establish and maintain claims procedures in compliance with 29 C.F.R. § 2560.503-1, and that as a consequence, plaintiffs are deemed to have exhausted all required administrative remedies, and plaintiffs demand compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and proper.

## COUNT IV
**Breach of Contract and Bad Faith**

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

84. Before patient JESSE B. HARRIS' March 18, 2015 surgery, provider ADVANCED contacted defendant AETNA and was advised that patient JESSE B. HARRIS "has unlimited physical therapy visits based on medical necessity and no precertification is required."

85. Provider ADVANCED is entitled to reimbursement for medically necessary and reasonable services ADVANCED provided to patient JESSE B. HARRIS, not only under the terms of the United Airlines Consolidated Welfare Benefits Plan, but also in accordance with the express promise AETNA made with ADVANCED.

86. Pursuant to New Jersey law, every contract contains a covenant of good faith and fair dealing.

87. Patient JESSE B. HARRIS assigned his right to payment of health benefits under the United Airlines Consolidated Welfare Benefits Plan to provider ADVANCED.

88. Both patient JESSE B. HARRIS and provider ADVANCED have submitted to both AETNA and UNITED numerous claims for reimbursement of the cost of the reasonable and medically necessary physical therapy services ADVANCED provided to JESSE B. HARRIS.

89. Defendants AETNA has nonetheless in bad faith refused to compensate provider ADVANCED for reasonable and medically necessary physical therapy services provided to patient JESSE B. HARRIS on or after June 3, 2015.

90. Defendant AETNA has intentionally, willfully and wantonly, recklessly or negligently, based on flawed or inadequate data or other information, or none at all, refused to reimburse plaintiffs for reasonable and medically necessary physical therapy services ADVANCED provided to patient JESSE B. HARRIS.

91. Defendant AETNA has intentionally, willfully and wantonly, recklessly or negligently disregarded evidence that the physical therapy treatment provided was reasonable, medically necessary, clinically supported and curative, rather than palliative in nature, as the patient's progress and improvement in condition was documented.

92. AETNA's denial of provider ADVANCED and patient JESSE B HARRIS' requests for reimbursement of the cost of physical therapy services unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, arbitrary and capricious, and in violation of ERISA and in breach of the implied contract of good faith and fair dealing contained in AETNA's express and implied contracts with ADVANCED.

93. Defendant AETNA has nonetheless, from time to time, reimbursed plaintiffs for small portions of the costs at issue, without explanation and in bad faith, and at other times have promised to pay certain costs, only later to renege on such proposes.

94. As a result, plaintiffs have been damaged and continue to suffer damages.

**WHEREFORE**, plaintiffs ADVANCED and JESSE B. HARRIS demand a judgment against defendants UNITED and AETNA in the amount of compensatory damages of $18,972.00 due and owing to plaintiff with respect to patient JESSE B. HARRIS' medical treatment, punitive

damages, interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues permitted to be tried by a jury.

                                       **COCCA & CUTINELLO, LLP**
                                       Attorneys for Plaintiffs
                                       Advanced Physical Therapy & Spinal Care LLC, directly and on assignment of patient Jesse B. Harris and Jesse B. Harris, individually

Dated:  September 19, 2018           By      _____
                                                           Anthony Cocca, Esq.